UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

AUSTIN F.,[1]

          Plaintiff,

    v.

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

          Defendant.

Case. No. 6:20-cv-00110-YY

OPINION AND ORDER

YOU, Magistrate Judge:

    Plaintiff Austin F. seeks judicial review of the final decision by the Social Security Commissioner ("Commissioner") denying his application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("SSA"), 42 U.S.C. §§ 401-33, and Supplemental Security Income ("SSI") disability benefits under Title XVI of the SSA, 42 U.S.C. §§ 1381-1383f. This court has jurisdiction to review the Commissioner's decision pursuant to 42 U.S.C. § 405(g) and § 1383(c)(3). The Commissioner concedes error and has filed a Motion to Remand (ECF #19); however, the parties disagree whether the matter should be remanded for further proceedings or an immediate award of benefits.

---

[1] In the interest of privacy, the court uses only plaintiff's first name and the first initial of his last name.

1 – OPINION AND ORDER

For the reasons set forth below, the Commissioner's Motion to Remand (ECF #19) is GRANTED, and the Commissioner's decision is REVERSED and REMANDED for further proceedings consistent with this opinion.

I.      **Relevant Law Regarding Remand**

When a court determines the Commissioner erred in some respect in making a decision to deny benefits, the court may affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for a rehearing." *Treichler v. Comm'r Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014) (quoting 42 U.S.C. § 405(g)). In determining whether to remand for further proceedings or immediate payment of benefits, the Ninth Circuit employs the "credit-as-true" standard when the following requisites are met: (1) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, (2) the record has been fully developed and further proceedings would serve no useful purpose, and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the plaintiff disabled on remand. *Garrison*, 759 F.3d at 1020. Even if all of the requisites are met, however, the court may still remand for further proceedings "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled[.]" *Id*. at 1021.

II.     **Analysis**

Plaintiff alleges the ALJ erred in (1) rejecting the medical opinion of Nancy Kemp, Ph.D., and examining medical opinion of Scott Alvord, Psy.D.; (2) rejecting plaintiff's subjective symptom testimony; and (3) rejecting competent lay witness statements from plaintiff's mother and former employer. Pl. Br. 5, ECF #18. The Commissioner "agrees with Plaintiff's assertion

that there was error," but instead of awarding benefits, argues the matter should be remanded for the ALJ to:

- Further develop the record and offer the claimant a new hearing;
- Further evaluate the medical opinions;
- Further evaluate plaintiff's subjective symptom report and the lay witness statement of the Plaintiff's mother;
- Evaluate the work activity questionnaire;[2]
- Continue through the sequential evaluation process;
- Obtain additional vocational expert testimony, if warranted; and
- Issue a new decision.

Def. Br. 2-3, ECF #19.

Although the Commissioner does not describe what he perceives the exact error to be, from the remand instructions he is requesting, it appears the Commissioner is conceding the ALJ failed to provide legally sufficient reasons for rejecting the medical opinions, plaintiff's subjective symptom report, and the lay testimony by plaintiff's mother and former employer. Thus, the first prong of the *Garrison* test is satisfied.

However, with respect to the other *Garrison* factors, the Commissioner argues there are "unresolved issues that must be evaluated" and "the record, including treatment records showing medications effectively controlled his mental symptoms and mental status examinations with mostly normal findings, cast doubt on his claim of disability." Def. Br. 2, 4, ECF #19. The Commissioner points to the fact plaintiff returned "back to his baseline" several days after he was hospitalized for a manic episode, which occurred during a period

---

[2] The work activity questionnaire was completed by plaintiff's former employer. *See* Tr. 228-30.

3 – OPINION AND ORDER

when he was not taking his mood stabilizer. Def. Br. 4-5, ECF #19 (citing Tr. 806). The Commissioner points to other instances where the medical reports indicate medication compliance in conjunction with, *inter alia*, "normal mood," self-reports of doing "all right," and "stable" bipolar symptoms. *Id.* at 5 (citing, *e.g.*, Tr. 543, 544, 551, 606, 612, 675, 677, 679, 741, 742, 744-46). The Commissioner also notes plaintiff had "essentially unremarkable mental status examinations throughout the relevant period," and cites treatment notes indicating plaintiff was "negative for mania or psychosis" and had "normal" mental processes and thoughts. *Id.* at 5-6 (citing, *e.g.*, Tr. 531, 537, 543, 549, 573, 580, 589, 594, 595, 597, 598, 600, 601, 603, 606, 601, 604, 607, 613, 617. 652, 653, 654, 655, 675-77, 679, 680, 681, 682, 683, 741-47). Additionally, the Commissioner cites to portions of the record where plaintiff engaged in activities inconsistent with disabling mental symptoms, including working as a part-time day laborer for a landscaping business, "keep[ing] himself busy by rebuilding his motorcycle," and helping his parents with their rental property. *Id.* at 6 (citing Tr. 216, 532, 543, 563, 594, 600, 603, 606, 681, 683). Because the Commissioner has identified areas where further development of the record would serve a useful purpose, the second step in the credit-as-true analysis is not satisfied. *See Treichler,* 775 F.3d at 1105 ("Where, as in this case, an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency."). It is unnecessary to reach the issue of whether to credit any medical opinion as true. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 496 (9th Cir. 2015); *accord Kaytlin B. v. Comm'r Soc. Sec. Admin.*, No. 6:19-CV-00727-MK, 2020 WL 5803937, at *8 (D. Or. Sept. 29, 2020).

4 – OPINION AND ORDER

Plaintiff contends that if Dr. Kemp's and Dr. Alvord's opinions were credited as true, he would be entitled to benefits based on the VE's testimony that, *inter alia*, missing four workdays per month directs a finding of disability. Reply 4, ECF #20 (citing Tr. 61, 820, 828). However, only when all three prongs are of the credit-as-true analysis are met may the court exercise its discretion to award benefits. *Treichler*, 775 F.3d at 1101-02. This is to ensure that before a court remands for benefits, it has determined "not the slightest uncertainty as to the outcome of the proceeding" remains. *Id.* at 1100-01; *see also Strauss v. Comm'r Soc. Sec. Admin.,* 635 F.3d 1135, 1138 (9th Cir. 2011) (reversing district court's remand for immediate award of benefits and holding that "[a] claimant is not entitled to benefits under the statute unless the claimant is, in fact, disabled, no matter how egregious the ALJ's errors may be"). As discussed above, the second prong has not been satisfied. And, regardless, even if all three prongs of the credit-as-true analysis are met, the court may still remand for further proceedings "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled[.]" *Garrison*, 759 F.3d at 1021. Here, such doubts exist for the reasons related to the second prong discussed above.

On remand, the ALJ must (1) accept the opinions of Dr. Kemp and Dr. Alvord or provide legally sufficient reasons for rejecting them; (2) accept plaintiff's testimony or provide legally sufficient reasons for rejecting it; (3) accept the lay witness statements from plaintiff's mother and former employer or supply legally sufficient reasons for rejecting them; and (4) conduct any additional proceedings as indicated by the results of the foregoing instructions.

//

//

**ORDER**

The Commissioner's Motion to Remand (ECF #19) is GRANTED, and the Commissioner's decision is REVERSED and REMANDED for further proceedings consistent with this opinion.

DATED January 19, 2021.

                                                        /s/ Youlee Yim You
                                               Youlee Yim You
                                               United States Magistrate Judge